IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOEL W. SHIPMAN,

      Plaintiff,

  v.                                   No. CIV 13-0306 LH/GBW

N.M. DEPARTMENT OF CORRECTIONS
C/O SECRETARY, GREGG MARCANTEL,
CENTRAL N.M. CORRECTIONAL FACILITY
C/O WARDEN J. GARCIA,
CORIZON MEDICAL SERVICES
C/O THOMAS ARNOLD,
STATE OF NEW MEXICO,
WARDEN ROBERT STEWART,
CORIZON INC.,
BRUCE BOYNTON,
MARK DELGADO,
DOCTOR BEAVENS,
TORRENCE [sic] COUNTY DETENTION CENTER,
WARDEN EZELLE,
NURSE TRIST,
SUPERVISOR MAINTENANCE GUTTEREZ,
CCA MEDICAL DIRECTOR DR. SAMMONS,
TORRENCE [sic] COUNTY COMMISSIONERS,
NEW MEXICO COUNTY INSURANCE AUTHORITY,
ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6)

of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints

(together the "complaint").  Plaintiff is incarcerated, appears pro se, and is proceeding in forma

pauperis.  For reasons set out below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§ 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The original complaint alleges that when Plaintiff arrived at the Central New Mexico Correctional Center ("CNMCF"), he was suffering severe pain in his left shoulder.  He was given x-ray and MRI examinations, which indicated that he required immediate surgery.  Several months passed before Defendants allowed Plaintiff to undergo the surgery.  He alleges that the delay caused him excessive and unnecessary pain.  The amended complaint names a number of additional Defendants and alleges that Plaintiff's shoulder pain had begun while he was housed at Torrance County Detention Facility ("TCDF") before being transferred to CNMCF.  Plaintiff also asserts that his administrative grievances were ignored.  The complaint seeks damages and equitable relief.

In the original complaint, Plaintiff makes no factual allegations against any Defendant[1] named in the caption, although he "strongly believe[s] that medical and administration malpractice were at fault."  The complaint, therefore, contains no allegations affirmatively linking the named Defendants to the alleged violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.

---

[1] The Court assumes for purposes of this order that Plaintiff intends to include the three "c/o" individuals (Marcantel, Garcia, and Arnold) as Defendants in the original complaint.

1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a Defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a supervisor may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the Defendant.  *See id.*

Furthermore, two of the parties named in the original complaint are not proper defendants in an action under § 1983.  First, Plaintiff names the N.M. Department of Corrections as a Defendant.  As noted by the Court of Appeals for the Tenth Circuit in a similar situation, Plaintiff "has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983.  In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)).  Also, Defendant Central N.M. Correctional Facility is not a suable entity.  *See Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010).  Plaintiff's claims against the Defendants named in the original complaint will be dismissed.

Plaintiff subsequently filed an amended complaint (Doc. 6) "to reflect the identity and the actions of all relevant defendants."  (Doc. 6, p. 2.)  The amended complaint asserts the same Eighth Amendment claim and an additional claim under the Due Process Clause for Defendants' alleged failure to comply with grievance procedures.  Plaintiff names eleven additional individual and entity Defendants, including staff at TCDF employed by Corrections Corporation of America (CCA), where Plaintiff was previously confined.  He also names the Torrance County Commissioners in their official capacity and the New Mexico County Insurance Authority.

Certain of the Defendants in the amended complaint are not subject to suit under § 1983.

3

As noted above, the Corrections Department is not a "person" for purposes of § 1983. *See Prokop v. Colorado*, 30 F. App'x at 821. The same is true for Secretary of Corrections Marcantel in his official capacity. *See Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Also, as above, Defendant Torrance County Detention Facility is not a suable entity. *See Buchanan v. Oklahoma*, 398 F. App'x at 342. The Court will dismiss Plaintiff's claims against these Defendants.

The amended complaint makes no factual allegations of personal involvement in the asserted violation by a number of the named Defendants. Defendant Marcantel in his individual capacity allegedly demonstrated deliberate indifference to Plaintiff's well-being by allegedly "issuing policies, [and] negligent hiring." The only allegation against Defendant Warden Stewart is that he was aware of the "obvious violations" of Plaintiff's constitutional rights. Defendant Corizon, Inc., the corporate medical service at Plaintiff's facility, allegedly "fail[ed] to provide adequate or qualified staff and issu[ed] directives and policies that interfere with adequate medical care." Defendant Boynton, a health services administrator, is allegedly "responsible for all medical staff and policies," and Defendant Delgado "acted intentionally or purposely to deprive Plaintiff of proper speedy medical care." Torrance County Commissioners allegedly failed to "monitor[] the maintenance and operations for proper care," though Plaintiff makes no factual allegation of a custom or practice of ignoring serious medical conditions. And Plaintiff makes no allegations against Defendant New Mexico County Insurance Authority

As with the original complaint, the amended complaint fails to affirmatively link the above-named Defendants to the alleged violations. *See Butler v. City of Norman*, 992 F.2d at 1055; *see also Rozenberg v. Knight*, --- F. App'x ----, ----, 2013 WL 5539635, at *2-*3 (10th Cir. Oct. 9, 2013). "[Plaintiff's] formulaic recitation that these defendants knew of his condition and were

4

deliberately indifferent to it fails to demonstrate an affirmative link to the alleged constitutional violation." *Conley v. McKune*, --- F. App'x ----, ----, 2013 WL 3722124, at *5 (10th Cir. July 17, 2013). "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). The Court will dismiss Plaintiff's claims against Defendants N.M. Department of Corrections, Marcantel, Garcia, Corizon, Inc., Central N.M. Correctional Facility, Stewart, Boynton, Delgado, Torrence [sic] County Detention Center, Ezelle, Gutterez, Torrence [sic] County Commissioners, and New Mexico County Insurance Authority.

Nor is relief available on Plaintiff's allegations in the amended complaint that his grievances were ignored. Generally, of course, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted); *Merryfield v. Jordan*, 431 F. App'x 743, 749-50 (10th Cir. 2011). "The failure to respond to plaintiff's grievances did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and there is no indication that the failure to respond inevitably affected the length of plaintiff's sentence." *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000) (citing *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). Furthermore, the amended complaint does not identify a Defendant allegedly liable on this claim. *See Gallagher*, 587 F.3d at 1069. The Court will dismiss Plaintiff's due process claim based on failure to respond to his administrative grievances.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants N.M. Department of Corrections, Marcantel, Central N.M. Correctional Facility, Garcia, Corizon Medical Services, Stewart, Corizon, Inc., Boynton, Delgado, Torrence [sic] County Detention Center, Ezelle, Gutterez,

Torrence [sic] County Commissioners, and New Mexico County Insurance Authority are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of Plaintiff's original and amended complaints (Docs. 1, 6),[2] for Defendants Arnold, Beavens, Trist, and Sammons.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Even though an amended complaint normally supersedes the original, *see Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998), the Court directs that the original be issued with the amended complaint because the original contains Plaintiff's substantive allegations.