IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOEL W. SHIPMAN,

    Plaintiff,

    v.        CIV No. 13-306 LH/GBW

NM DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL AND FOR ARREST WARRANTS

This matter is before the Court on Plaintiff's Motion to Appoint Counsel and for Arrest Warrants. *Doc. 21.* Although Plaintiff titles this document as a rebuttal to Defendants' response to Plaintiff's motions for extension of time to serve defendants (*doc. 17*) and for subpoena (*doc. 18*), it is more properly construed as a motion because it requests additional relief unrelated to those motions. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court must construe a *pro se* plaintiff's pleadings broadly).

In the motion, Plaintiff accuses Defendants of "suppress[ing] the whereabouts" of Defendant Arnold and of conspiring against him. *Doc. 20* at 1-2. As relief, he "ask[s] the court to grant [him] competent counsel" and "to issue warrants for [the] arrest [of Defendants] for avoiding the U.S. Marshals." *Doc. 20* at 2-3. Having reviewed the Motion, the Court finds that it should be denied.

**Appointment of Counsel**

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. In his Motion, Plaintiff merely reiterates his grievances and alleges that Defendants are defending this case in bad faith and conspiring against him. *Doc. 21* at 2. As a basis for appointing counsel, he states only

that "he clearly needs representation." *Id.* Furthermore, none of the applicable factors indicate that counsel should be appointed here. Plaintiff's Complaint does not present novel or complex legal claims. *Doc. 1.* Moreover, Plaintiff's filings demonstrate his ability to coherently articulate his legal position. Thus, based on the Court's own review, none of the *Thomas* factors support granting Plaintiff's motion, and his request for counsel should be denied.

## Warrants for Defendants' Arrest

The Court will also deny Plaintiff's request to issue warrants for the arrest of Defendants, as there is no probable cause to believe the Defendants committed a crime. Plaintiff has presented no credible basis for concluding that Defendants suppressed evidence or are evading service.

## Conclusion

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel and for Arrest Warrants, (*doc. 21*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE